[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This hearing involved two motions post judgment, the plaintiff's motion to open and modify, coded #117 and the defendant's motion for contempt, coded #121. The marriage was dissolved on August 10, 1990 and the trial court incorporated the agreement, with amendments, into the dissolution decree. The judgment was modified by agreement on June 1, 1993 and again on CT Page 4383 January 27, 1997. The parties do not agree on the amount owed by the defendant to the plaintiff.
Alimony and Child Support
Paragraph 5 of the agreement of August 10, 1990 provides that the defendant shall pay $125.00 per week in alimony and the plaintiff's employment shall not be considered a change in circumstances warranting a reduction until she earned at least $20,000.00 a year. The defendant was also ordered to pay $330.00 in child support for the two minor children.
On June 1, 1993 by agreement, the alimony amount was reduced to $1.00 per year, the child support to $315.00 per week and the amount of the arrearage to be determined at a later date.
The plaintiff's earnings reached at least $20,000.00 in 1992. However, the defendant did not move to modify and the amount of alimony was reduced to $1.00 per year on June 1, 1993. The child Dino turned 18 on September 22, 1993 and graduated from high school in June 1994. The defendant was entitled to a reduction from $315.00 to $132.00 after Dino's graduation.
There were 147 weeks between August 10, 1990 and June 1, 1993. During that time the defendant owed $66,885.00 [$455.00 x 147] and he paid $28,250.00 The defendant therefore owes $38,635.00 for the period from August 10, 1990 to June 1, 1993.
There were 52 weeks between the modification in June 1993 and Dino's graduation in June 1994. During that time the defendant owed $16,380.00 [$315.00 x 52] and paid $12,688.00 [$244.00 x 52]. The defendant therefore owes $3,692.00 for the period June 1993 to June 1994.
There were 134 weeks between Dino's graduation in June 1994 and the modification m January 1997. During that time the amount the defendant owed was $21,105.00 [$157.50 x 134] and paid $32,696.00 [$244.00 x 134]. Therefore the defendant is entitled to a credit of $11,591.00
There were 90 weeks between January 1997 and October 1998. During that time the defendant paid $4,230.00 [$47.00 x 90] towards the arrearage. The defendant is entitled to a credit for that amount. CT Page 4384
Second Mortgage Payoff
Paragraph 3 of the agreement as amended provided that the plaintiff and the children will live in the home until it is sold, her remarriage, cohabitation, death or June 30, 2003 whichever comes first.
The plaintiff agreed to keep the first mortgage current until the home was sold. The defendant agreed to keep the second morgage current until the home was sold. The amount of the second mortgage at the time of disolution in 1990 was $35,000.00 The plaintiff would pay $10,000.00 and the defendant $25,000.00 from the amount due the seller at closing.
In 1993 the home was sold for $152,000. The defendant had increased the amount of the second mortgage by $76,542.00 to $111,542.00 The defendant claims a period of unemployment after the divorce in 1990 and he has been with his present employer since late 1992.
The expenses listed at the closing totaled $151,832.05 with $576.47 remaining for division between the parties. If the defendant had not increased the amount of the second mortgage the expenses at closing would have been $75,290.05 and the amount to seller after expenses would have been $77,188.47 The defendant would have been entitled to $13,559.24 and the plaintiff $28,558.24 rather than $288.23 each. The defendant therefore owes $28,270.01 to the plaintiff for diminishing the equity in the house by increasing the amount of the second mortgage.
Health Insurance.
Paragraph 5 required the defendant to maintain health and dental insurance for the benefit of the minor children. The plaintiff provided the insurance for eighteen months at a cost to her of $300.00 per month. The defendant owes $5,400.00 [$300.00 x 18].
Paragraph 9 provides that the plaintiff and the defendant will share equally the amount of unreimbursed medical and dental expenses. Plaintiff paid $1523.00 in unreimbursed expenses [$1056.00 + $467.00] the defendant owes $761.50.
College Tuition and Costs
CT Page 4385
Paragraph 7 provided that the funds from Jones Cable and the savings account of approximately $8,000.00 would be used for the education of the children. After those funds were used then the parties will share the college cost in proportion to their earnings. The defendant paid most of the college costs. The plaintiff believes that the defendant is entitled to a credit of $17,500.00 and the defendant believes he is entitled to a credit of $10,301.90. The defendant gets a credit of $10,301.90
Dependency Exemption
The plaintiff and the defendant were each entitled to claim one child as an exemption. The plaintiff claimed both children as exemptions for the years 1993, 1994, 1995 and 1996. The defendant is entitled to a credit of $2,880.00.
The Court finds that the defendant owes to the plaintiff $76,758.51 and is entitled to a credit of $29,002.90. The amount owed to the plaintiff is $38,557.51. The court considered and orders the defendant to pay to the plaintiff the amount of $47,755.61 as follows: $3,500.00 within thirty days and the remainder at the rate of $250.00 per week. The full amount to be paid by November 30, 2002.
Crawford, J.